UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| THOLA DEAN PIENS,<br><br>Plaintiff,<br><br>vs.<br><br>DR. JUSTIN M RECKARD; DR. SYED F. AZAM, M.D.; DR. SCOTT A. GERING; BARBARA CAROL COMESS; DR. VERAN GUPTA; HOMAN ABDOLLAHZADAH; DR. RICHARD CATALANO, Loma Linda University (general surgery); DR. ANDREW WRIGHT, Loma Linda University GI Dept.; DR. SHIRLEY CATHERINE PASKI, Cedar Sini Los Angeles; S. MARK TAPER FOUNDATION IMAGING CENTER; DR. CINDY KALLMAN; DR. JOHN A. SCHAFFER, Mayo Clinic GI; UC SAN DIEGO – UCSD PERLMAN GASRO; DR. PARAMBIR S. DULAI; DR. CHAHAT THAKUR, M.D.; MAYO CLINIC ROCHESTER/AUSTIN MN; DR. KYAW HEIN; DR. MATHEW SZTAJNKRYCER; DR. ALEX FINCH, Mayo Clinic Rochester; MAYO DEPARTMENT OF FAMIY MEDICAINE SE CLINIC; DR. CAROL HOLTZ; DR. MIOKI MYSZKOWSKI; MAYO CLINIC SURGERY PROCEDURE; DR. JOHN MARTIN; MAYO CLINIC GENERAL SURGERY; DR. SCOTT KELLY; WIFE MELIA; SAN GEORGONIO MEMORIAL HOSPITAL; DR. TINA A. DAVISON; DR. TUNG V. HUYNH; MAYO CLINC RADIOLOGY IMAGING DEPT.; DR. TRISTAN N. COVINGTON; DR. CHI WAN KOO; DR. RYAN M. FINN; DR. TUCKER F. JOHNSON; DR. NATHAN L. EICKSTAEDT; DR. JAY P. HEIKEN; DR. | 4:25-CV-04083-KES<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND 1915 SCREENING |

ROBERT C, MURPHY; DR. HIROAKI TAKAHASHI; DR. REBEKKAH FRUNZAC; DR. DAVID PENN, Austin MN Mayo Clinic; DR. KYAW Z. HEIN; DR. REZA FARSAD, MD; DESERT GASTROENTEROLOGY CUNSULTANTS; DR. JONATHAN C. LIN, MD MPH; DESERT REGINAL MEDICAL CENTER; OLMSTED MEDICAL CENTER; DR. CORY BOYCE; DR. JOHN A. RENELT; DR. JACOB JUDA; DR. CHANDLER; DR. ANITSIRA COLLADO POLANCO; DR. GURUPRASAD R. KAGINELE; DR. KAGALL; DR. NATHAN J. MANTHEY; MERCYONE NORTH IOWA MEDICAL CENTER; UNIVERSITY MINNESOTE MEDICAL CENTER – M HEALTH FAIRVIEW; LINSEY G. ERIKSON, M.D.; CRESCO MEDICAL CENTER; DR. JENSEN; SIMON MED, Radiology Imaging; DR. ADAM KUPPER; GUNDERSON HEALTH IMAGING SERVICES; DR. M. HENERY; JULIE S. ZINK, M.D.; DR. MURRAY S. DONOVAN, M.D.; AURORA HEALTH CARE/AHCM ST. LUKES EMERGENCY SERVICES; DR. HEIDI LUDTKE, M.D.; PA/C DAVID M. JETTON; HCMC HOSPITAL; DR. PHILLIP LINDOLM, M.D.; SANDRA L. DENMAN; MNGI; DR. MICHAEL MIN, M.D.; DR. DENMAN; FROEDTERT & MEDICAL COLLEGE OF WISCONSIN; DR. KIRK LUDWIG; EUA CLAIRE G.I. ASSOCIATES SPECIALIST; MARSHFIELD MEDICAL CENTER; DR. JAMES NEITZEL; DR. ADAM SORDAHL; HEALTH SISTER HEALTH SYSTEMS – SACRED HEART; DR. GREAVES; INDIA HEAD MEDICAL HOSPITAL; DR. JEFF DUNHAM; ASHLEY REGIMBAL; DR. SEBASTIAN–PRECIADO; DR. HEASEMEYER; SPOONER HEALTH/ESSENTIA DULUTH; DR. THOMAS MALLOY; DR.

| |
|---|
| ANGELIQUE M. THIBAULT; DR. KAREEM H. ABDELHADI, MD; DR. BRIAN LINDAMANN, US Urology SD, OMAR ARAFAT, MD; RANCHO MIRAGE INTERVENTIONAL RADIOLOGY; and DR. KRAUSE, General Surgery, <br><br>                Defendants. |

Plaintiff, Thola Dean Piens, filed a pro se lawsuit alleging violations of various federal laws and state-law medical malpractice claims. Docket 1. Piens also moves for leave to proceed in forma pauperis (Docket 2) and for appointment of counsel (Docket 3).

## I. Motion for Leave to Proceed In Forma Pauperis

A federal court may authorize the commencement of any lawsuit without prepayment of fees when an applicant submits an affidavit stating he or she is unable to pay the costs of the lawsuit. 28 U.S.C. § 1915(a)(1). "[I]n forma pauperis status does not require a litigant to demonstrate absolute destitution." *Lee v. McDonald's Corp.*, 231 F.3d 456, 459 (8th Cir. 2000). But in forma pauperis status is a privilege, not a right. *Williams v. McKenzie*, 834 F.2d 152, 154 (8th Cir. 1987). Determining whether an applicant is sufficiently impoverished to qualify to proceed in forma pauperis under § 1915 is committed to the sound discretion of the district court. *Cross v. Gen. Motors Corp.*, 721 F.2d 1152, 1157 (8th Cir. 1983). After review of Piens's financial affidavits, the court finds he has insufficient funds to pay the filing fee. Thus, Piens's motion for leave to proceed in forma pauperis (Docket 2) is granted.

## II. 1915 Screening

### A. Factual Background

On February 17, 2016, Dr. Justin Reckard performed a diagnostic laparoscopy, small bowel resection, and primary umbilical hernia repair on Piens. Docket 1-1 at 20. According to Piens, this surgery spurred a wide-scale conspiracy involving multiple doctors across multiple hospital systems. *See, e.g., id.* at 1 (alleging that Dr. Reckard "started a conspiracy of two or more, now hundreds have joined in to cover up domestic terrorism in the medical field of this country."). This nationwide conspiracy, according to Piens, involved doctors and hospital staff purposefully falsifying Piens's medical records (*id.* at 9, 13), doctors completing procedures without Piens's consent (*id.* at 9), and doctors authorizing surgeries Piens "did not need nor qualify for to retaliate" against him (*id.* at 1).

As a result of the treatment he received from doctors around the country, Piens alleges that he was a victim of a conspiracy "to intentionally torture a human being[.]" *Id.* at 14. Piens alleges that various doctors would "jump into the conspiracy full force because of the research they could turn it into[,]" (*id.* at 3) and because these doctors "are running a major extortion racket to fraud [sic] an [sic] extort medicaid why [sic] killing off the patient." *Id.* at 13. Piens claims that he has been tortured (*see, e.g., id.* at 5), is in constant pain (*see, e.g., id.* at 15), and fears for his life (*see, e.g., id.* at 14). Piens alleges that he was made aware of the conspiracy after he "found a friend in the mountains where [he] lived hiding from corrupt cops who murdered an [sic] covered [up]

4

homicides of [Piens's] mother, brother, sister." Docket 5 at 4. This friend showed Piens's CT scans to other doctors, who were ostensibly not involved in the conspiracy, leading Piens to "learn some [of] the truth of what had been done [to him] during a surgery[.]" *Id.*

Piens alleges claims under the Federal Racketeer Influenced and Corrupt Organizations Act ("RICO", 18 U.S.C. §§ 1961–1968), 18 U.S.C. § 371 (regarding conspiracies to commit offenses against or to defraud the United States), 18 U.S.C. § 242 (deprivation of rights under color of law), as well as "Federal Code: 9-110.000[.]" Docket 1 at 1.

Piens makes multiple requests for relief. Docket 1-1 at 48–49. First, Piens requests that he be "placed in victim witness protection to stop this conspiracy of torture threw mutilation of a humanbeings body,bodolie functions. I want the attempts on my life and torture to stop. I want the research to stop, I never authorized any research at any hospital." *Id.* at 48 (spelling and grammar errors in the original). Additionally, Piens requests a "revision surgery[.]" *Id.* Piens also requests that an investigation be conducted into "the ACA aka Obamacare and the national medical records, For unconstitutionality and Weaponization." *Id.* at 49 (capitalization in original).

Additionally, Piens seeks $200 million from Mayo Clinic, Rochester, MN, and $200 million from "Cedar Sini [sic]" for pain and suffering, and as compensation for "[f]elony fraud crimes[,]" "crimes unto humanity[,]" and "obstruction of justice[.]" *Id.* at 48–49.

5

## B.   Legal Standard

When a district court determines a plaintiff is financially eligible to proceed in forma pauperis under § 1915(a), the court must then determine whether the complaint should be dismissed under § 1915(e)(2)(B). *Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982) (per curiam); *see also Key v. Does*, 217 F. Supp. 3d 1006, 1007 (E.D. Ark. 2016). The court must dismiss claims if they "(i) [are] frivolous or malicious; (ii) fail[] to state a claim on which relief may be granted; or (iii) seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A court when screening under § 1915 must assume as true all facts well pleaded in the complaint. *Est. of Rosenberg v. Crandell*, 56 F.3d 35, 36 (8th Cir. 1995). Pro se and civil rights complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004) (citation omitted). Even with this construction, "a *pro se* complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) (citation omitted); *see also Ellis v. City of Minneapolis*, 518 F. App'x 502, 504 (8th Cir. 2013) (per curiam) (citation omitted). Civil rights complaints cannot be merely conclusory. *Davis v. Hall*, 992 F.2d 151, 152 (8th Cir. 1993) (per curiam) (citation omitted); *Parker v. Porter*, 221 F. App'x 481, 482 (8th Cir. 2007) (per curiam) (citations omitted).

A district court has the duty to examine a pro se complaint "to determine if the allegations provide for relief on any possible theory." *Williams v. Willits*, 853 F.2d 586, 588 (8th Cir. 1988) (citing *Bramlet v. Wilson*, 495 F.2d 714, 716

(8th Cir. 1974)). A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation omitted). If a complaint does not contain these bare essentials, dismissal is appropriate. *See Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985) (citation omitted). *Twombly* requires that a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true[.]" 550 U.S. at 555 (internal citation omitted); *see also Abdullah v. Minnesota*, 261 F. App'x 926, 927 (8th Cir. 2008) (per curiam) (noting that a complaint "must contain either direct or inferential allegations respecting all material elements necessary to sustain recovery under some viable legal theory" (citing *Twombly*, 550 U.S. at 553–63)).

Further, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable, and that a recovery is very remote and unlikely." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (internal quotation omitted) (quoting *Twombly*, 550 U.S. at 556). Still, "conclusory statements" and "naked assertion[s] devoid of further factual enhancement" do not satisfy the plausibility standard. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (alteration in original) (citation and internal marks omitted).

### C. Legal Analysis

#### 1. RICO Claims

Throughout his complaint and supplement, Dockets 1 and 1-1, Piens makes numerous references to racketeering and RICO (*see, e.g.*, Docket 1-1 at 32, 34). Piens claims that "[t]his is a RICO case" because "[t]he medical system is and has Been weaponized threw the ACA aka OBAMACARE . . . I am being murder threw torture. And felony crimes of fraud[.]" Docket 1-1 at 34 (spelling and grammar errors in original).

Although RICO is primarily a criminal statute, § 1964(c) provides a private right of action: "[a]ny person injured in his business or property by reason of a violation of section 1962 of this chapter [18 U.S.C. § 1962] may sue therefor in any appropriate United States district court and shall recover threefold the damages he sustains and the cost of the suit[.]" 18 U.S.C. § 1964(c). "[A] plaintiff may sue under § 1964(c) only if the alleged RICO violation was the proximate cause of the plaintiff's injury." *Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451, 453 (2006). To advance a civil claim under RICO, a plaintiff must allege "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Lum v. Bank of Am.*, 361 F.3d 217, 223 (3d Cir. 2004) (citing *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 496 (1985)). A "pattern of racketeering activity" requires "at least two acts" of conduct indictable under various enumerated federal criminal statutes. *Id.*; 18 U.S.C. § 1961(1), (5).

But "§ 1964(c) does not allow recovery for all harms." *Med. Marijuana, Inc. v. Horn*, 604 U.S. 593, 594 (2025). "By explicitly permitting recovery for

harms to business and property, § 1964(c) implicitly excludes recovery for harm to one's person." *Id.; see also Bowen v. Adidas Am. Inc.*, 84 F.4th 166, 173 (4th Cir. 2023) ("The phrase 'business or property' does not, however, encompass all possible injuries. It excludes, for example, personal injuries and 'pecuniary losses occurring therefrom.' "); *Brown-Austin v. Chambers-Smith*, 2025 WL 2013585, at *5 (S.D. Ohio July 18, 2025) ("Recovery for physical injury or mental suffering is not allowed under civil RICO because it is not an injury to business or property.") (cleaned up). The Supreme Court offered clarification on this distinction with the following example:

> [I]f the owner of a gas station is beaten in a robbery, he cannot recover for his pain and suffering. But if his injuries force him to shut his doors, he can recover for the loss of his business. In short, a plaintiff can seek damages for business or property loss regardless of whether the loss resulted from a personal injury.

*Horn,* 604 U.S. at 601*; see also Dystart v. BankTrust,* 516 F. App'x 861, 864 (11th Cir. 2013) (per curiam) (providing that personal injuries such as mental anguish, emotional distress, stress, physical discomfort, and associated illnesses "are not a basis for a civil RICO action."). Here, Piens seeks no damages for the loss of business. *See generally* Dockets 1, 1-1. Instead, Piens explicitly requests personal injury damages for pain and suffering. Docket 1-1 at 49. Therefore, because RICO excludes recovery for harm to one's person, Piens's RICO claims against all defendants are dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii).

Even if Piens had suffered the type of harms for which recovery is permissible under RICO, his claims would be dismissed for failure to state a

9

claim upon which relief may be granted. Although "pro se complaints are to be construed liberally," the Eighth Circuit has held that "they still must allege sufficient facts to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). The Eighth Circuit explained:

> When we say that a pro se complaint should be given liberal construction, we mean that if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework. That is quite different, however, from requiring the district court to assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint.

*Id.* at 915. While a plaintiff is not required to plead "detailed factual allegations," a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Twombly*, 550 U.S. at 555 (internal quotations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Iqbal*, 556 U.S. at 678 (citation omitted).

Here, Piens does not provide sufficient facts to support his allegations, which are largely conclusory. For example, Piens claims that one doctor "was covering up the truth an [sic] falsifying my medical record[,]" but does not provide any supporting facts. Docket 1-1 at 6. Piens makes a number of analogous statements in an attempt to demonstrate that his providers were participating in the conspiracy, such as a statement that the doctor he was

10

newly referred to was "clearly . . . not going to properly diagnose" or his observation that another provider was "really stressed . . . to be part of such torture while calling herself a doctor." *Id.* at 3, 5. Therefore, Piens's RICO claims are dismissed without prejudice for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii).

### 2. Claims Under 18 U.S.C. §§ 242, 371

Piens also seeks relief under 18 U.S.C. §§ 242 and 371. Docket 1 at 1. Under 18 U.S.C. § 242, it is a crime for anyone acting under color of law to willfully deprive another of the "rights, privileges, or immunities secured or protected by the Constitution or laws of the United States," or to subject another to "different punishments, pains, or penalties, on account of such person being an alien, or by reason of his color, or race, than are prescribed for the punishment of citizens[.]" 18 U.S.C. § 242. The second criminal statute Piens seeks relief under, 18 U.S.C. § 371, provides:

> If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined under this title or imprisoned not more than five years, or both.

18 U.S.C. § 371. Piens's claims under both statutes are "non-starters" because they are "criminal-law provisions that do not supply a right of action to private litigants[.]" *Bethune v. Facebook Inc.*, 2021 WL 5182246, at *1 (D. Minn. Oct. 15, 2021). *See also Deuerlein v. Neb. Child Protective Serv.*, 793 F. App'x 468, 468 (8th Cir. 2020) (per curiam) (citing *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007)) (holding that the plaintiff did not have a private right of

action under 18 U.S.C. § 371); *Stenseth v. Althoff*, 2025 WL 2613571, at *5 (D.S.D. Sept. 10, 2025) (citing *Davis v. Norwood*, 614 F. App'x 602, 605 (3d Cir. 2015) (per curiam); *Houck v. Gurich*, 515 F. App'x 724, 724 (10th Cir. 2013) (per curiam); *Moore v. Potter*, 47 F. App'x 318, 320 (6th Cir. 2002)) (holding that plaintiffs did not have a private cause of action under 18 U.S.C. § 242). Therefore, Piens's claims under 18 U.S.C. § 242 and 18 U.S.C. § 371 are dismissed with prejudice for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii).

### 3.    Claims Under Justice Manual § 9-110.000

Piens also seeks relief under "Federal Code: 9-110.000[.]" Docket 1 at 1. As the court understands Piens's complaint, this is a reference to the Justice Manual created by the Department of Justice. Section 9-110.000 of the Justice Manual centers around RICO investigations and prosecutions. U.S. Dep't of Just., Just. Manual § 9-110.000 (2024). The Justice Manual provides that it is intended only to provide internal guidance to the DOJ, and that "[i]t is not intended to, does not, and may not be relied upon to create any rights, substantive or procedural, enforceable at law by any party in any matter, civil or criminal." U.S. Dep't of Just., Just. Manual § 1-1.200 (2024). The Eighth Circuit has held that the Justice Manual "expressly states that it does not create substantive or procedural rights enforceable by others[.]" *United States v. Lee*, 274 F.3d 485, 493 (8th Cir. 2001). Therefore, the claims Piens asserts under the Justice Manual are dismissed with prejudice for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii).

12

### 4. State-Law Medical Malpractice Claims

Construing his complaint liberally, the court understands Piens to be asserting state-law claims for medical malpractice. *See* Dockets 1, 1-1. Because federal courts are courts of limited jurisdiction, *see Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), the court must consider whether Piens's complaint involves a dispute or controversy within its jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). A federal court has jurisdiction over two main kinds of cases: "diversity cases—suits between citizens of different States as to any matter valued at more than $75,000. *See* 28 U.S.C. § 1332(a). And they have power to decide federal–question cases—suits 'arising under' federal law. § 1331." *Badgerow v. Walters*, 596 U.S. 1, 8 (2022).

Because Piens, a citizen of Wisconsin (Docket 1 at 1), lists defendants that are also residents of Wisconsin (*id.* at 10), he has not established diversity jurisdiction. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) ("diversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff") (emphasis in original). Piens also cannot establish federal-question jurisdiction because his medical malpractice claims do not arise "under the Constitution, laws, or treaties of the United States[.]" 28 U.S.C. § 1331.

Therefore, the court would have to exercise supplemental jurisdiction in order to hear Piens's claims. Under 28 U.S.C. § 1367(a), this court "shall have

13

supplemental jurisdiction over all claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy[.]" 28 U.S.C. § 1367(a). Nonetheless, the court may decline to exercise supplemental jurisdiction if it "has dismissed all claims over which it has original jurisdiction[.]" 28 U.S.C. § 1367(c)(3). Here, because Piens's RICO claims, the only claims over which a federal court might have original jurisdiction, have been dismissed, this court declines to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c)(3). Piens may pursue his medical malpractice claims in state court.

### III. Motion for Victim Assistance/Protection

Additionally, Piens filed a motion for victim assistance/protection. Docket 4. Piens requests "placement into a hospital under John Doe for medical treatment and diagnoses, revision surgery[,]" "victim assistance/compensation[,]" and "identity change/confidentially[.]" *Id.* These requests appear to be the same as the requests for injunctive relief made by Piens in his complaint. *See* Docket 1-1 at 48. Because all of the claims asserted by Piens are dismissed, his request for injunctive relief is denied as moot. Similarly, his motion for victim assistance/protection is also denied as moot.

### IV. Motion to Appoint Counsel

Piens has also filed a motion to appoint counsel. Docket 3. Because Piens's claims are all dismissed, the motion to appoint counsel (Docket 3) is denied as moot.

## V. Conclusion

Thus, it is ORDERED:

1. That Piens's motion for leave to proceed in forma pauperis (Docket 2) is granted.

2. That Piens's RICO claims against all defendants are dismissed without prejudice for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii).

3. That Piens's claims under 18 U.S.C. § 242 and 18 U.S.C. § 371 are dismissed with prejudice for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii).

4. That the claims Piens asserts under the Justice Manual are dismissed with prejudice for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii).

5. That Piens's state-law claims for medical malpractice are dismissed because the court refuses to exercise supplemental jurisdiction.

6. That Piens's motion for victim assistance/protection (Docket 4) is denied as moot.

7. That Piens's motion to appoint counsel (Docket 3) is denied as moot.

Dated October 8, 2025.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE